In re NORTH LILY MINING COMPA-
NY, a Utah corporation, Debtor.

In re Xeres Tintic, LLC, Debtor.

North Lily Mining Company and Xeres
Tintic, LLC, Plaintiffs,

v.

Keystone Surveys, Inc., a Utah
corporation, Defendant.

Bankruptcy Nos. 01–23068
EEB, 01–23069 EEB.
Adversary No. 02–1352 ABC.

United States Bankruptcy Court,
D. Colorado.

Dec. 13, 2002.

**2**

Lee M. Kutner, Kutner Miller Kearns, P.C., Denver, CO, for North Lily Mining Company and Xeres Tintic, LLC.

Garry R. Appel, Appel & Lucas, P.C., Denver, CO, for Keystone Surveys, Inc.

### ORDER ON DEFENDANT'S MOTION TO DISMISS OR ABSTAIN

BRUCE A. CAMPBELL, Bankruptcy Judge.

This adversary proceeding involves an effort by plaintiffs, Chapter 11 debtors, North Lily Mining Company and Xeres Tintic, LLC (together "Plaintiffs" or "Debtors"), to set aside the conveyance from a third party to defendant Keystone Surveys, Inc. ("Keystone") of certain patented mining claims located in the State of Utah. Newmont Capital Limited ("Intervenor") claims an overriding royalty interest in the subject patented mining claims and, by this Court's order of October 23, 2002, was granted leave to intervene in this matter pursuant to Bankruptcy Rule 7024. It has filed an Intervenor Complaint.

The Court has before it Keystone's Motion to Dismiss or Abstain. That motion seeks dismissal of Plaintiffs' claim against Keystone pursuant to Fed.R.Civ.P. 12(b)(6), as made applicable to adversary proceedings via Fed.R.Bankr.P. 7012(b), for failure to state a claim against Keystone. Alternatively, the motion seeks to have this court abstain from acting in this adversary proceeding pursuant to 28 U.S.C. § 1334(c). The parties submitted legal briefs on this motion, and, having heard arguments of counsel on November 26, 2002, the Court took the matter under advisement.

Debtor's complaint alleges as follows:

(1) By special warranty deed dated January 27, 1998, Centurion Mining Corporation ("Centurion"), as grantor, conveyed to Debtor certain patented mining claims ("Debtor's Special Warranty Deed"). The patented mining claims were described as being "in the North Tintic Mining District, Utah and Juab County, State of Utah."

(2) Debtor did not record the Special Warranty Deed until November 14, 2000, and then recorded it only in Utah County, Utah. Utah County is one of the two counties in which the patented mining claims described in Debtor's Special Warranty Deed purport to be located.

(3) In the interim, on July 17, 1998, Centurion, together with a co-grantor, by Mining Deed and Royalty Agreement, quitclaimed to defendant Keystone such grantors' interest in certain patented mining claims "in the Tintic Mining District, Juab and Utah Counties, State of Utah," ("Keystone Quitclaim Deed") including those patented mining claims previously conveyed by Centurion to Debtor. The Keystone Quitclaim Deed was recorded July 20, 1998, only in Juab County, Utah.

(4) Debtor maintains that the legal description in the Keystone Quitclaim Deed incorrectly describes the subject patented mining claims, both because of (a) reference to the Tintic Mining District when the claims are, in fact, located in the *North* Tintic Mining District, and (b) reference to the wrong townships, ranges, and sections in locating the claims.

Having alleged these facts, Debtor asserts a single claim for relief pursuant to 11 U.S.C. § 544(a)(3).[1] This "strong-arm" avoidance section allows a trustee (or debtor-in-possession) to avoid any transfer that, under applicable State law (here, Utah law), could be avoided by a bona fide purchaser of real property from the Debtor at the time of filing of the bankruptcy. Debtor claims that because the subject patented mining claims were incorrectly described in the Keystone Quitclaim Deed, and a bona fide purchaser from the Debtor on searching the real property records at the moment of Debtor's bankruptcy filing would have no notice of Keystone's interest in these claims, any interest of Keystone in these claims can be avoided by Plaintiff pursuant to section 544(a)(3).

Keystone responds with its Motion to Dismiss or Abstain. It argues, first, that pursuant to Fed.R.Civ.P. 12(b)(6), Debtor's complaint simply fails to state a claim under section 544(a)(3). Alternatively, Keystone argues that, should this Court determine Plaintiff has stated a claim, the Court must abstain pursuant to 28 U.S.C. § 1334(c)(2) or should abstain pursuant to 28 U.S.C. § 1334(c)(1).

### Motion to Dismiss

Keystone first argues that because the transfer that the Debtor seeks to avoid is not a transfer *by the Debtor* of its property, but the transfer of third parties to Keystone, section 544(a)(3) does not apply. Keystone asserts that the section 544(a)(3) strong-arm avoidance power applies only to the *debtor's transfers* of its real property interests which, under State law, could be avoided by a bona fide purchaser.[2] In Keystone's words, Section 554(a)(3), "does not apply to transfers made by others."

The question of whether the real estate bona fide purchaser strong-arm power, which was codified in the Code in 1978, reaches only pre-petition transfers *by a debtor* of its property, *but not also prepetition transfers of property to a debtor,* if the same would fall to a bona fide purchaser under State law,[3] is complicated.

1. Section 544(a)(3) states:
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   . . . .
   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

2. Perhaps the simplest illustration is a debtor's pre-petition sale and deeding of real property to a grantee who fails to record. The bankruptcy trustee (or debtor-in-possession), with the section 544(a)(3) avoidance powers of a hypothetical bona fide purchaser at the date of filing of the Debtor's bankruptcy would, under the typical recording statute, prevail over the actual grantee who failed to record prior to the bankruptcy. The trustee or debtor-in-possession would similarly prevail over a debtor's pre-petition mortgagee who failed to record, again falling to the avoidance rights under section 544(a)(3) of the hypothetical bona fide purchaser at the moment of a debtor's bankruptcy filing.

3. A common illustration of such a transfer *to* a debtor might be a $10,000 pre-petition loan by the debtor to a third party which is secured, not by a mortgage or trust deed, but by the borrower giving *to the debtor* a deed to his $100,000 real estate parcel, with the verbal understanding that it is to be re-deeded upon loan repayment. Under most state recording statutes, a bona fide purchaser from the debtor/lender would take free of the non-debtor borrower's $90,000 equity of redemption. It is not clear whether the bankruptcy trustee (or debtor-in-possession) holds this power under section 544(a)(3). The literal language of the statute suggests that is the case.

This question has been answered in thoughtful, yet conflicting, reported decisions.[4]

This question, however, is not presented on the motion to dismiss before the Court. The transfer that Debtor seeks to set aside under section 544(a)(3) is neither a transfer by, nor a transfer to, the Debtor. It is a transfer by third parties to Keystone. It simply does not raise an avoidance power question. As stated in Keystone's motion to dismiss,

> [I]f the Paymaster claims are owned by the Debtor because its deed prevails over Keystone's under State law, then the application of section 544(a)(3) becomes unnecessary.

Keystone is entirely correct. While the Debtor labels its claim a section 544(a)(3) claim, it is not. The Debtor argues that, on the pre-petition facts of this adversary proceeding as alleged in the debtor's complaint, under Utah law the Debtor's Special Warranty Deed grants a superior interest in the disputed real property to the interest acquired by Keystone in the Keystone Quitclaim Deed. If this is the case, of course a bona fide purchaser from the Debtor would prevail over Keystone. But if this is the case, the Debtor needs no bona fide purchaser strong-arm power of section 544(a) to prevail over Keystone; in such circumstances the avoidance power of section 544(a)(3) is superfluous. The Debtor holds the interest in the real property and can bring the claim directly itself.

In arguing that Debtor's claim to these contested mining claims exists apart from, rather than pursuant to, section 544(a)(3), Keystone has acknowledged that the Debtor has, in fact, stated a claim in its complaint. It is mislabeled a section 544(a)(3) avoidance claim, but it is, nevertheless, a claim—one "to determine the validity...of a[n]...interest in property...." Fed. R.Bankr.P. 7001(2). As such, Debtor's complaint cannot be dismissed under Rule 12(b)(6) for failure to state a claim.

## *Abstention*

■ Keystone next contends in its motion that even if Debtor has stated a claim, this Court should abstain from hearing it. Keystone's initial abstention argument—that 28 U.S.C. § 1334(c)(2) [5] mandates abstention by this Court—can be summarily dismissed. Mandatory abstention comes into play only where a non-core dispute "is commenced...in a State forum of appropriate jurisdiction." The parties have acknowledged that no action relating to these claims has been commenced in State court.

■ Finally, Keystone argues that this Court should decline to hear this adversary proceeding under the discretionary abstention provisions of 28 U.S.C.

---

4. Compare *Belisle v. Plunkett,* 877 F.2d 512, 515 (7th Cir.1989), (Judge Easterbrook notes, "nothing in the text or function of section 544(a)(3)" requires any distinction in applying that section to avoidance of transfers of property both by a debtor and to a debtor) with *In re Mill Concepts Corp.,* 123 B.R. 938, 940–47 (Bankr.D.Mass.1991) (Judge Queenan concludes the language, purpose and history of section 544(a)(3) dictate that it be applied only to avoidance of real estate transfers made by a debtor.)

5. 28 U.S.C. § 1334(c)(2) states:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

§ 1334(c)(1).[6] The Court agrees. The complaint in this matter puts in issue matters of Utah real estate conveyancing law and application of Utah's recording statute to conflicting transfers of interests in Utah real property. In the interest of comity with State courts or respect for State law, such matters are best left for determination by the courts of the State of Utah. Therefore, it is

ORDERED that Keystone's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED, and it is

FURTHER ORDERED that Keystone's Motion to Abstain pursuant to 28 U.S.C. § 1334(c)(1) is GRANTED, and accordingly, this adversary proceeding, including Intervenor's Complaint, shall be dismissed, without prejudice.

---

6. 28 U.S.C. § 1334(c)(1) states:
   (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.